IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

Civil Action No. 5:16-CV-163

| | | |
|---|---|---|
| JOHN MICHAEL WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Notice of Removal of |
| | ) | Iredell County Superior Court |
| WATERFALL ASSET | ) | Case No. 16 CVS 1948 |
| MANAGEMENT, LLC; | ) | |
| STATEBRIDGE COMPANY, LLC; | ) | |
| EXPERIAN INFORMATION | ) | |
| SOLUTIONS, INC.; and | ) | |
| EQUIFAX INFORMATION | ) | |
| SERVICES, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

PLEASE TAKE NOTICE that Defendant Experian Information Solutions, Inc. ("Experian"), pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, respectfully submits this Notice of Removal to remove to the United States District Court for the Western District of North Carolina an action initiated against it in the Superior Court for Iredell County, North Carolina. Removal of this action is based on the following:

PROCEDURAL BACKGROUND AND RELEVANT ALLEGATIONS

1. On 12 August 2016, Plaintiff John Michael Williams filed his initial complaint against Defendants Waterfall Asset Management, LLC; Statebridge Company, LLC; Experian Information Solutions, Inc.; and Equifax Services, LLC, in the Superior Court for Iredell County, North Carolina, No. 16 CVS 1948 (the "State Court Action"). A true and complete copy of the court file from the State Court Action is attached hereto as Exhibit 1, and is incorporated herein by reference.

2. Plaintiff's alleged claims arise out of the refinancing of his home. *See* Compl. ¶¶ 31-36. Plaintiff alleges that his mortgage payments were improperly rejected and his home loan was incorrectly reported as in foreclosure to all three credit reporting agencies. *Id.* ¶¶ 37, 63, 68.

3. Plaintiff alleges statutory claims under the Fair Debt Collection Practices Act (15 U.S.C. § 1692, *et seq*.), *id.* ¶¶ 100-06; the Fair Credit Reporting Act (15 U.S.C. § 1981, *et seq*.), *id.* ¶¶ 107-56, North Carolina's Unfair and Deceptive Trade Practices Act (N.C. Gen. Stat. § 75-1.1), *id.* ¶¶ 84-95, and the North Carolina Debt Collection Act (N.C. Gen. Stat. § 75-50), *id.* ¶¶ 157-68.

4. In addition to his statutory claims, Plaintiff also alleges claims for breach of contract and conversion against Defendants Waterfall Asset Management and Statebridge. *Id.* ¶¶ 77-83, 96-99.

## FEDERAL QUESTION JURISDICTION

5. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as it is apparent from Plaintiff's complaint that this action arises under and presents a question of federal law. *See* Compl. ¶ 1 (alleging that Defendants committed "violations of both Federal and North Carolina state law").

6. Specifically, Plaintiff asserts that each defendant violated the federal Fair Credit Reporting Act, 15 U.S.C. § 1981, *et seq*. *Id.* ¶¶ 107-56. Plaintiff further alleges that defendant Statebridge violated the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. *Id.* ¶¶ 100-06.

7. Since Plaintiff alleges claims that arise under federal law, Plaintiff's complaint may be removed pursuant to 28 U.S.C. § 1441.

8.      Plaintiff's state law claims may be removed pursuant to this Court's supplemental jurisdiction.  Because the Court has original jurisdiction over Plaintiff's federal claims, the Court has supplemental jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).  Federal and state law claims that "derive from a common nucleus of operative fact" form a single constitutional case for the purpose of subject matter jurisdiction.  *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 165 (1997) (internal quotation omitted).

9.      Plaintiff's non-federal claims arise out of the same transactions and occurrences concerning his home loan as his federal statutory claims.  Accordingly, this Court has supplemental jurisdiction over Plaintiff's claims for breach of contract and conversion, and for violations of North Carolina's Unfair and Deceptive Trade Practices Act and Debt Collection Act.  *See id.*

## NOTICE OF REMOVAL IS TIMELY

10.     Experian was served with the complaint on August 16, 2016.  This Notice of Removal is timely because it is filed within thirty days of service upon Experian.  See 28 U.S.C. § 1446(b).

## VENUE

11.     The Western District of North Carolina, Statesville Division, is the federal district embracing Iredell County, North Carolina, where the suit was originally filed.  *See* 28 U.S.C. § 113(b).  Venue, therefore, is proper in this district pursuant to 28 U.S.C. § 1441(a).

## UNANIMOUS CONSENT TO REMOVAL

12. Pursuant to 28 U.S.C. 1446(b)(2), the undersigned counsel certifies that all defendants on whom Plaintiff has effected service have consented to the removal of this action.

13. As permitted by controlling law, the undersigned counsel for defendant Experian represents to this Court that counsel for named co-defendants Waterfall Asset Management, LLC; Statebridge Company, LLC; and Equifax Information Services, LLC, all have consented to removal of this action. *See Mayo v. Bd. of Educ. of Prince George's Cnty.*, 713 F.3d 735, 742 (4th Cir. 2013) (holding that a single attorney may represent to the Court through a signed filing that multiple defendants consent to removal, and that 28 U.S.C. § 1446 does not require every defendant to sign the notice of removal or otherwise file a notice of consent).

14. The undersigned does not, through this Notice of Removal, make any representation that named co-defendants Waterfall Asset Management, LLC; Statebridge Company, LLC; or Equifax Information Services, LLC, have consented or will consent to *personal jurisdiction* in this action. Nor does the undersigned make any representation that named co-defendants Waterfall Asset Management, LLC; Statebridge Company, LLC; or Equifax Information Services, LLC, are proper parties to this action.

## NOTICE TO PLAINTIFF AND STATE COURT

15. Pursuant to 28 U.S.C. § 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal will be served on Plaintiff and filed promptly with the Clerk of the Superior Court for Iredell County.

## NON-WAIVER OF DEFENSES

16. By filing this Notice of Removal, Experian does not waive any defenses that may be available to it and expressly reserves all such defenses, objections, and motions.

WHEREFORE, Defendant Experian Information Solutions, LLC, respectfully requests that the above-styled action currently pending in the Superior Court for Iredell County, North Carolina, be removed therefrom to this Court, and that this Court assume full jurisdiction over the causes herein as provided by law.

This 13th day of September, 2016.

Respectfully submitted,

s/ Nora F. Sullivan
Nora F. Sullivan
N.C. State Bar No. 43284
ELLIS & WINTERS LLP
P.O. Box 33550
Raleigh, NC 27636
Telephone: (919) 865-7000
Facsimile: (919) 865-7010
Email: nora.sullivan@elliswinters.com

*Attorney for Experian Information Solutions, Inc.*

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 13, 2016, the foregoing Notice of Removal was served on counsel for Plaintiff by depositing a copy thereof in the United States mail, postage prepaid, first class, addressed as follows:

Travis E. Collum
Stacy L. Williams
Collum & Perry, PLLC
P.O. Box 1739
Mooresville, NC 28115

*Attorneys for Plaintiff*

            s/ Nora F. Sullivan
            Nora F. Sullivan
            N.C. State Bar No. 43284
            ELLIS & WINTERS LLP
            P.O. Box 33550
            Raleigh, NC 27636
            Telephone: (919) 865-7000
            Facsimile: (919) 865-7010
            Email: nora.sullivan@elliswinters.com