# EXHIBIT 1

STATE OF NORTH CAROLINA
COUNTY OF IREDELL

JOHN MICHAEL WILLIAMS,

        Plaintiff,

        v.

WATERFALL ASSET MANAGEMENT,
LLC, STATEBRIDGE COMPANY, LLC,
EXPERIAN INFORMATION SOLUTIONS,
INC, and EQUIFAX INFORMATION
SERVICES, LLC,

        Defendants.

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
16 CVS _____ 16CV 01948

COMPLAINT
(Jury Trial Demanded)

FILED 2016 SEP 12 P 3: 31 IREDELL CO., C.S.C.

NOW COMES Plaintiff, JOHN MICHAEL WILLIAMS, by and through counsel, and respectfully submits to this Court the following:

## JURISDICTION

1.     This is an action for damages brought by an individual consumer for Defendants' violations of both Federal and North Carolina state law which include: the Fair Debt Collection Practices Act 15 U.S.C. §1692 *et seq.*; the Fair Credit Reporting Act 15 U.S.C. §1681 *et seq*; North Carolina's Unfair and Deceptive Trade Practices Act N.C. Gen. Stat. §75.1.1; and the North Carolina Debt Collection Act N.C. Gen. Stat. §75-50.

2.     Venue is proper in this District because the acts and transactions occurred in Iredell County, North Carolina, Plaintiff resides in Iredell County, North Carolina, and the Defendants' transact business in Iredell County, North Carolina.

1

## PARTIES

3.      The allegations of the preceding paragraphs are re-alleged and incorporated herein by reference as if set forth fully herein.

### Plaintiff John Michael Williams

4.      Plaintiff, John Michael Williams (hereinafter, "Plaintiff") is a natural person residing in the City of Statesville, County of Iredell, and State of North Carolina.

5.      Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3) as "natural person(s) obligated or allegedly obligated to pay any debt."

6.      Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1681(c).

7.      Plaintiff is a "consumer" as defined by North Carolina's Debt Collection Act titled the Prohibited Acts by Debt Collectors (hereinafter, "NCDCA") at N.C. Gen. Stat. §75-50(1) as "any natural person who has incurred a debt or alleged debt for personal, family, household or agricultural purposes."

### Defendants Waterfall Asset Management, LLC and Statebridge Company, LLC

8.      Upon information and belief, Defendant Waterfall Asset Management, LLC., (hereinafter, "Waterfall") is a New York limited liability company with a principal place of business at 1140 Avenue of the Americas, 7th Floor, New York, NY, 10036.

9.      Upon information and belief, Defendant Waterfall is the current Holder of Plaintiff's Note.

10.      Upon information and belief, Statebridge Company, LLC., (hereinafter, "Statebridge") is a Colorado limited liability company with a principal place of business at 5680 Greenwood Plaza Blvd., Suite 100 South, Greenwood, Colorado 80111.

2

11.    On or around August 18, 2011, Statebridge become the servicer of Plaintiff's mortgage after the mortgage was alleged to be in default; therefore Statebridge is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

12.    Statebridge is a "debt collector" as defined by the North Carolina Debt Collection Act at N.C. Gen. Stat. §75-50(3) as "any person engaging, directly or indirectly, in debt collection from a consumer."

13.    Statebridge further engages in the collection of debts from North Carolina consumers using the mail, telephone, email and/or North Carolina state court system among other means and is engaged in interstate commerce.

14.    At all times relevant to the subject matter of this Complaint, Statebridge was involved in business activities in this state including collecting or attempting to collect payments and was therefore engaged in commerce in North Carolina.

15.    At all times relevant to the subject matter of this Complaint Statebridge was the agent of Defendant Waterfall pursuant to the mortgage servicing agreement between the parties.

16.    At all times relevant Waterfall is responsible for the acts and omissions of its agent Statebridge.

17.    The financial obligation allegedly incurred by the Plaintiff was a mortgage he acquired in March 2004, which was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5), namely, a home mortgage with The CIT Group/Consumer Finance, Inc.

18.    The alleged debt in this matter is a "debt" alleged to be owed as defined by the North Carolina Debt Collection Act at N.C. Gen. Stat. §75-50(2).

3

19.     Statebridge has subjected itself to the jurisdiction of the courts of the State of North Carolina by having availed itself of the use of the courts of this state; its regular conduct of business in this state as a lender and mortgage service provider; and its further submission to the jurisdiction of the courts of this state incident to North Carolina General Statute §1-75.4.

20.     Statebridge is a "furnisher" of consumer credit information as defined in 15 U.S.C. §1681s-2.

21.     Statebridge is a "person" as that term is defined in 15 U.S.C. §1681a(b).

## Defendant Experian Information Solutions

22.     Experian Information Solutions, Inc. ("Experian") is an Ohio corporation doing business throughout the country and in the state of North Carolina with a principal place of business at 475 Anton Boulevard, Costa Mesa, CA 92626-7037.

23.     Experian is a "consumer reporting agency" (CRA) as defined in 15 U.S.C. § 1681a(f) as it is regularly engaged in the business of assembling, evaluating and distributing information concerning consumers for the purpose of furnishing consumer reports for third parties.

24.     At all times relevant to this action, Experian was engaged in commerce in the state of North Carolina by engaging in, *inter alia*, reporting of consumer credit information.

25.     At all times relevant to this action, Experian was a "person" as that term is defined in 15 U.S.C. §1681a(b).

## Defendant Equifax Information Services, LLC

26.     Equifax Information Services, LLC ("Equifax"), is a Georgia limited liability company doing business throughout the country and in the state of North Carolina with a principal place of business located at 1558 Peachtree Street NE, Atlanta, GA 30309.

4

27. Equifax is a "consumer reporting agency" (CRA) as defined in 15 U.S.C. § 1681a(f) as it is regularly engaged in business of assembling, evaluating and distributing information concerning consumers for the purpose of furnishing consumer reports for third parties.

28. At all times relevant to this action, Equifax was engaged in commerce in North Carolina by engaging in, *inter alia*, reporting of consumer credit information.

29. At all times relevant to this action, Equifax was a "person" as that term is defined in 15 U.S.C. §1681a(b).

## FACTUAL ALLEGATIONS

30. Plaintiff hereby incorporates by reference all the foregoing paragraphs as though fully set forth herein.

31. Plaintiff refinanced his home and acquired a loan from The CIT Group/Consumer Finance, Inc., for $129,000 on or about March 24, 2004.

32. Plaintiff signed a promissory note for a fixed rate loan at (6.60%) for a period of 360 months along with a deed of trust.

33. Plaintiff's loan documents directed him to pay $823.87 per month, which consisted of principal ($251.74) and interest ($572.13) for a period of 30 years beginning on April 29, 2004 and ending on March 29, 2034.

34. Plaintiff's loan documents did not authorize an escrow account.

35. Plaintiff's loan documents did not authorize a suspense account.

36. Plaintiff has remitted at least $823.87 every month to pay his mortgage. Plaintiff sometimes sent more than the amount due (i.e., $250, $900, $1,000).

5

37.     Statebridge has returned each payment for more than one year stating they are being returned for "failure to bring the account current."

38.     From the inception of the loan Plaintiff has been responsible for paying his yearly real property taxes outside of his mortgage payment and has paid those taxes.

39.      The Iredell County Tax Records show that the taxes have never been delinquent.

40.     Plaintiff paid the 2015 tax bill on December 28, 2015 in the amount of $1,046.32. (See attached Exhibit A)

41.     From the inception of the loan Plaintiff has been responsible for paying his yearly homeowner's insurance outside of his mortgage payment and has paid the yearly premiums.

42.      Plaintiff has never failed to pay his yearly insurance premium, the most recent payment being $1,593.00 for the 10/1/15 to 10/1/16 period.

43.     Plaintiff's deed of trust provides that the Lender may purchase insurance coverage "if Borrower fails to do so."

44.     Plaintiff's insurance carrier has been Travelers since 1998.

45.     Plaintiff has had continuous coverage with Travelers Insurance with no lapses in coverage since 1998 per the letter attached as Exhibit B and incorporated herein by reference. (See attached Exhibit B)

46.     Plaintiff's loan documents state that his loan payment must be received by the 29th day of each month to avoid a late charge.

47.     Upon information and belief, Plaintiff has been charged late charges for not making his payments by the 15th day of each month.

48.     Statebridge began servicing Plaintiff's mortgage on or around August 18, 2011.

6

49.     Statebridge has repeatedly charged Plaintiff for forced placed insurance coverage even though Plaintiff has maintained continuous insurance coverage on his property throughout the life of the loan.

50.     Pursuant to the loan documents Plaintiff signed at closing, Statebridge did not have the authority or a contractual basis to create an escrow account for Plaintiff's mortgage.

51.     Statebridge has been billing Plaintiff, $959.78 per month as an escrow payment.

52.     Statebridge insists on collecting $11,517.36 per year to pay Plaintiff's yearly taxes and homeowners insurance which together total only $2,702.62 when he pays them himself.

53.     Statebridge seeks to collect from Plaintiff more than four times the amount necessary per year to pay his yearly taxes and insurance.

54.     Despite repeated attempts by the Plaintiff to explain the billing errors and over-collection to Statebridge representatives, his dispute has fallen on deaf ears.

55.     Specifically, Plaintiff called and spoke with a very hateful woman who demanded that he pay all monies Statebridge alleged to be owed immediately. The woman would not listen to reason and would not allow him to speak.

56.     Plaintiff requested to speak with another customer service representative or supervisor but was denied the request.

57.     Plaintiff called back and spoke with a man who demanded proof that he had homeowner's insurance.

58.     Plaintiff sent proof of his continuous insurance coverage to the man but never heard from the representative again or anyone else from Statebridge.

7

59. Statebridge has remitted a bill to Plaintiff for $1,783.65 each month, which is more than two times the amount his monthly payment should be ($823.57) according to his loan documents. (See attached Exhibit C)

60. Plaintiff cannot afford to pay the $960.08 unjustified increase in his payment each month.

61. Plaintiff has fallen behind on his increased mortgage payments through no fault of his own.

62. Statebridge has inaccurately reported Plaintiff's loan as being in foreclosure to the credit reporting agencies, Experian, Transunion and Equifax.

63. Statebridge has sent Plaintiff notices that his mortgage is in foreclosure when it was not, in fact, in foreclosure.

64. Plaintiff has received notice that a foreclosure hearing date is scheduled for August 16, 2016.

65. Statebridge has pushed Plaintiff into a financial crisis, while putting his home and marriage at risk due to its inaccurate billing and illegal collection practices.

66. As a result of Statebridge's mismanagement of Plaintiff's loan, he was unable to claim a mortgage interest deduction on his 2015 tax returns of approximately Four thousand five hundred dollars ($4,500.00).

67. Statebridge refused Plaintiff's payments and therefore did not issue an accurate 1098 interest statement for the year 2015.

68. Statebridge has reported to Experian, Transunion and Equifax that Plaintiff's loan was in foreclosure when it was not.

8

69.     Plaintiff filed disputes with Experian, Transunion and Equifax regarding Statebridge's reporting of inaccurate information about his home loan in December 2015 or January 2016.

70.     Upon information and belief, Experian, Transunion and Equifax contacted Statebridge regarding Plaintiff's disputes.

71.     Upon information and belief, Experian, Transunion and Equifax updated their records after contacting and notifying Statebridge that Plaintiff disputed the accuracy of the information reported on his credit reports.

72.     Experian and Equifax reports continue to reflect no change and have remained complicit in reporting the erroneous information.

73.     Transunion deleted the Statebridge tradeline after investigating the dispute.

74.     Upon information and belief, Statebridge received notice of Plaintiff's dispute from Experian, Transunion and Equifax, and subsequently failed to properly investigate that dispute.

76.     Plaintiff has suffered tremendous financial and emotional distress at the hands of Statebridge, Experian, and Equifax as a result of this inaccurate credit reporting.


### FIRST CLAIM FOR RELIEF
### [Breach of Contract]
### Waterfall Asset Management and Statebridge

77.     The allegations of the preceding paragraphs are re-alleged and incorporated by reference as if set forth fully herein.

9

78.    Plaintiff and The CIT Group/Consumer Finance, Inc., entered into a contract on March 24, 2004 by mutual assent, the terms of which are delineated in the promissory note and deed of trust.

79.    The deed of trust was recorded on March 30, 2004 in Book 1537 at Pages 22-26 in the Iredell County Public Registry.

80.    Upon information and belief Waterfall is the current holder of Plaintiff's promissory note and deed of trust.

81.    Upon information and belief Statebridge became the servicer of Plaintiff's mortgage on or around August 18, 2011.

82.    Defendants Waterfall and Statebridge breached the contract in that *inter alia,* they:

    (a)  Misrepresented the requirements for bringing the Plaintiff's Loan current;

    (b)  Requested and accepted escalated payments without any reasonable basis to overcollect on Plaintiff's Loan;

    (c)  Failed to provide a yearly accounting of the escrow account as required by law;

    (d)  Misrepresented the terms of and balances of the Loan;

    (e)  Created an escrow account and misappropriated monies from the escrow account without authorization or contractual basis;

    (f)  Paid insurance premiums and property taxes without any reasonable justification when Plaintiff paid both;

    (g)  Unlawfully applied mortgage payments, and/or held mortgage

10

payments in a suspense account that was not authorized by the contract, resulting in escalated debt obligations, including interest and other charges;

(h)  Imposed or collected amounts not due and owing by contract including without limitation interest, default- related fees, property preservation fees, costs and charges, insurance premiums, taxes and mortgage verification fees, attorney imposed fees,

(i)  Improperly initiated and/or caused to be initiated unlawful foreclosure actions regarding Plaintiff's Loan.

83.    As a direct, foreseeable, and proximate result of Defendants' Waterfall and Statebridge's breach of contract between the parties, Plaintiff has been damaged to include but not limited to his inability to take a mortgage interest deduction on his 2015 tax returns, attorney fees, lost job opportunities and denied credit and other damages in an amount to be determined according to proof at the time of trial, in addition to equitable and/or injunctive relief, restitution, rescission, actual and consequential damages as specified in the prayer.

### SECOND CLAIM FOR RELIEF
**[Unfair and Deceptive Acts and Practices]**
**(N.C. Gen. Stat. §75-1.1)**
**Waterfall and Statebridge**

84.    Plaintiff hereby incorporates by reference all the foregoing paragraphs as though fully set forth herein.

85.    Plaintiff realleges the foregoing facts and shows that Statebridge has engaged in abusive conduct in the servicing of his mortgage loan that occurred outside the realm of debt collection.

11

86.     By its unlawful conduct as alleged herein, Statebridge engaged in unlawful business acts or practices in violation of N.C. Gen. Stat. §75-1.1.

87.     By its unlawful conduct as alleged herein, Statebridge engaged in unfair business acts or practices in violation of N.C. Gen. Stat. §75-1.1.

88.     By its unlawful conduct as alleged herein, Statebridge engaged in deceptive business acts or practices in violation of N.C. Gen. Stat. §75-1.1.

89.     Statebridge has repeatedly made false misrepresentations to the Plaintiff and others, with knowledge of their falsity, or with reckless disregard as to whether the representations were true or false.

90.     Statebridge continually made misrepresentations with the intent of misleading Plaintiff into relying on the statements and Plaintiff justifiably relied on the misrepresentations to his financial detriment by making excessive payments when they were not necessary.

91.     As a result of Statebridge's misrepresentations, Plaintiff has suffered and continues to suffer financial harm in the form of unjustified costs added to his monthly mortgage payment, fees listed above and monies misappropriated in the escrow or suspense account to pay items that are not principal and interest.

92.     Statebridge has engaged in unfair and/or deceptive acts and practices with respect to Plaintiff in the following respects:

    a.  Imposing and collecting unnecessary and excessive fees and charges not authorized by the loan documents or by applicable law;

    b.  Collecting four times the amount necessary to pay Plaintiff's yearly taxes and insurance premium without authorization or contractual basis;

12

c. Placing forced placed insurance coverage when Statebridge knew or should have known that Plaintiff's insurance had been paid for the year;

d. Imposing and collecting excessive interest;

e. Failing to properly and/or timely credit Plaintiff's payments to the account;

f. By creating a suspense account that was not authorized by the mortgage loan documents;

g. Improperly administering "suspense" and "corporate advance" accounts; more specifically by applying payments at the discretion of the Lender;

h. Misleading or otherwise misinforming Plaintiff about the amounts properly due and owing;

i. Imposing late charges improperly and unjustifiably;

j. Initiating foreclosure while demanding that Plaintiff pay four times the amount of money necessary to cover his mortgage and yearly tax bill and insurance premiums;

k. Misappropriating monthly payments made by Plaintiff;

l. Failing to properly administer Plaintiff's account, including, without limitation, escrow accounts, suspense accounts, corporate advance accounts, and principal and interest obligations;

m. Treating Plaintiff unfairly and without regard to its obligation of good faith and fair dealing;

93.     Statebridge's acts and omissions as alleged in the Second Cause of Action proximately caused economic injury to Plaintiff; are in and affecting commerce; have the capacity to deceive an ordinary consumer; are unscrupulous, immoral, and oppressive; and

13

constitute unfair and deceptive trade practices under N.C. Gen. Stat. §75-1.1, thereby entitling Plaintiff to the relief requested in this Second Cause of Action.

94.    Waterfall as Holder of Plaintiff's note is liable for Statebridge's actions as present owner of the mortgage loan paper and as principal to Statebridge.

95.    As a direct, foreseeable, and proximate result of Statebridge's wrongful actions alleged herein, Plaintiff has been damaged in an amount to be determined according to proof at the time of trial, in addition to equitable and/or injunctive relief, as specified in the prayer plus the right to attorney fees and treble or punitive damages pursuant to N.C. Gen. Stat. §§75-16 and 75-16.1.

### THIRD CLAIM FOR RELIEF
### [Conversion]
### Waterfall and Statebridge

96.    Plaintiff hereby incorporates by reference all the foregoing paragraphs as though fully set forth herein.

97.    Defendants Waterfall and Statebridge took possession of an undetermined amount of money in the form of collecting excessive fees for taxes and insurance, misapplied mortgage and escrow payments, placed funds into an unauthorized suspense account, charged mortgage verification fees, inspection fees, attorney fees and other fees and charges described more particularly elsewhere in this Complaint, of which Plaintiff is the rightful owner and entitled to its immediate possession.

98.    Defendants Waterfall and Statebridge converted the Plaintiff's property to their own use by:

a)    Not properly applying Plaintiff's mortgage payments;

b)    Not returning it upon demand to the Plaintiff;

c)   Not accurately accounting for the money after multiple requests by the Plaintiff

d)   By placing it into an unauthorized suspense account to which Plaintiff had no access or accounting;

e)   By collecting and paying excessive fees to themselves and others for force-placed insurance coverage, inspection fees, property taxes, mortgage verification fees and others described more particularly in this Complaint to the exclusion of the rights of the rightful owner, the Plaintiff.

99.   The Plaintiff has suffered damages as a direct and proximate result of Defendants' conversion of his property in an amount to be determined according to proof at the time of trial plus punitive damages.

### FOURTH CLAIM FOR RELIEF
### [Fair Debt Collection Practices Act]
### (15 U.S.C. § 1692 *et seq.*)
### Statebridge

100.   Plaintiff herein incorporates by reference the foregoing paragraphs as though fully set forth herein.

101.   Defendant Statebridge, a debt collector under the FDCPA has repeatedly placed calls to the Plaintiff on his cell phone, and sent letters that were threatening, harassing and otherwise oppressive, abusive, deceptive, false and misleading.

102.   Each of these telephone calls and mailings were "communications" in an attempt to collect a debt as defined at 15 U.S.C. §1692a(2).

103.   In these communications Defendant Statebridge did:

a.   Falsely represent the character, amount or legal status of the debt in violation of 15 U.S.C. §1692e(2)(a) by claiming that the home was headed to foreclosure, by misrepresenting the balance and activity in the escrow

15

account, by stating that the loan was in default and other ways to be shown at trial;

b.    Harass, oppress or abuse Plaintiff by repeatedly demanding that Plaintiff pay monies not due and owing to reinstate his loan in violation of 15 U.S.C. §1692d;

c.    Use false, deceptive or misleading representations in telling Plaintiff his home was going into foreclosure when that was false in violation of 15 U.S.C. §1692e;

d.    Report or threaten to report false information to a credit bureau in violation of 15 U.S.C. §1692e(8) namely, that the home was in foreclosure when it was not, that it was in default when it was not, misreported the balance owed and payments made, and other ways to be shown at trial;

e.    Communicate information about a disputed debt to a credit bureau without reporting that it was disputed in violation of 15 U.S.C. §1692e(8) in that Plaintiff had disputed the status of the loan many times over the course of the loan;

f.    Collecting amounts not explicitly authorized by the agreement or permitted by law in violation of 15 U.S.C. §1692f(1) in that Defendants have collected amounts via the escrow or unauthorized suspense account for charges such as mortgage verification fees, home inspection fees, force placed insurance premiums, corporate advances, attorney fees and expenses for a wrongful foreclosure and other amounts to be proven at trial;

16

g.    Cause the telephone to ring or engage Plaintiff in telephone conversations repeatedly in violation of 15 U.S.C. §1692d(5) in that Statebridge made many calls close in time to one another and called Plaintiff with excessive frequency;

h.    Such other actions as may be shown at trial;

104.    The foregoing acts and omissions of Statebridge constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to this Plaintiff.

105.    These acts and omissions of Statebridge has caused Plaintiff humiliation, emotional and financial distress and has him in constant fear of losing his family and his home when he feels that he should be current on his mortgage payments.

106.    As a result of each and every one of Statebridge's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. §1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. §1692k(a)(3), from each and every Defendant herein.

### FIFTH CLAIM FOR RELIEF
**[Fair Credit Reporting Act]**
**Waterfall, Statebridge, Experian, and Equifax**

107.    Plaintiff herein incorporates by reference the foregoing paragraphs as though fully set forth herein.

108.    The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. §1681e(b).

109.    15 U.S.C. §1681n imposes civil liability on any CRA or furnisher "who willfully

17

fails to comply with any requirement" of the Act. *See* 15 U.S.C. §1681n(a).

110.    15 U.S.C. §1681o provides for civil liability against any CRA or furnisher which is negligent in failing to comply with any requirement imposed under the Act.

## Experian's Failure to Adopt and/or Follow Reasonable Procedures

111.    Plaintiff initiated a dispute in January 2016 with Experian requesting that it correct and/or delete a specific item in his credit file that is patently inaccurate, misleading and highly damaging to him, namely, references to the extent and status of his debt to Statebridge and whether it was in foreclosure.

112.    Plaintiff specifically advised Experian that a mistake had been made, and provided all necessary information to Experian to support the same, and requested the trade line be corrected accordingly to reflect the correct balance, payments made and foreclosure status.

113.    Experian "updated" the Statebridge tradeline on Plaintiff's credit report but still listed his Scheduled Payment Amount as $1783 after he showed Experian that was incorrect.

114.    Either Experian conducted no investigation of Plaintiff's disputes, or such "investigations" were so deficient as to allow objectively false and highly damaging information to remain in Plaintiff's credit file.

115.    By failing to conduct a reasonable investigation into Plaintiff's disputes in this regard, Experian willfully and/or negligently violated 15 U.S.C. § 1681i(a)(1) with respect to the dispute lodged by Plaintiff.

116.    As a direct and proximate result of Experian's disregard of Plaintiff's dispute as outlined above, Plaintiff has suffered a significant loss of trust in the credit reporting system and its accountability to the average consumer.

18

117.    As a direct and proximate result of Experian's willful and/or negligent refusal to conduct reasonable investigations as mandated by the FCRA as outlined above, Plaintiff has suffered loss and damage including, but not limited to: loss of opportunity to obtain credit, damage to reputation, expenditure of considerable time and out-of-pocket expenses, worry, fear, distress, frustration and embarrassment, entitling him to an award of actual damages in amounts to be proved at trial, plus attorneys' fees together with the costs of this action pursuant to 15 U.S.C. § 1681(o).

118.    Despite actual and implied knowledge that Plaintiff's debt to Statebridge was not being accurately reported, Experian readily sold false reports to one or more third parties, thereby misrepresenting Plaintiff, and ultimately, Plaintiff's creditworthiness.

119.    On each such instance, Experian willfully and/or negligently failed to follow reasonable procedures to assure maximum possible accuracy of the consumer reports it prepared and/or published pertaining to Plaintiff, in violation of 15 U.S.C. §1681e(b).

120.    Through Plaintiff's communications with Experian, Experian knew, or had sufficient reason to know, that when it prepares and sells a consumer report about Plaintiff, the information it is circulating is extremely inaccurate and damaging to Plaintiff.

121.    Nevertheless, Experian has taken no measures to stop painting a false and damaging picture about Plaintiff.

122.    Plaintiff has been denied credit lines sufficient to conduct his life and business in the manner to which he was accustomed.

123.    Plaintiff has suffered out-of-pocket losses as a result of Experian's willful and/or negligent violations of the FCRA. Plaintiff has been denied credit and job opportunities as a result of this negligence.

19

124.    Plaintiff has not been free to take advantage of various credit opportunities available to other consumers because of Experian's failure to report only accurate information about him.

125.    Upon information and belief, Experian has exhibited a pattern of refusing to correct consumer credit files despite being on notice of patently false information contained in such files, ultimately valuing its own bottom line above its "grave responsibility" to report accurate data on consumers.

126.    Experian's pattern of refusal to correct patently false information as mandated by the FCRA reveals a conscious disregard of the rights of Plaintiff.

127.    Upon information and belief, Experian has been sued on multiple occasions over recent years for inaccurately reporting debts.

128.    The injuries suffered by Plaintiff are attended by circumstances of fraud, malice, and/or willful and wanton misconduct, calling for statutory damages, an assessment of punitive damages against Defendant, plus attorneys' fees and costs pursuant to 15 U.S.C. § 1681(n).

129.    As a direct and proximate result of Experian's willful and/or negligent refusal to follow reasonable procedures to assure "maximum possible accuracy" as specifically mandated by the FCRA, Plaintiff has suffered loss and damage including, but not limited to: economic loss due to loss of opportunity to obtain credit and loss of job opportunities, damage to reputation, expenditure of considerable time and out-of-pocket expenses, worry, fear, distress, frustration and embarrassment, entitling his to an award of actual damages in amounts to be proved at trial, plus attorneys' fees together with the costs of this action pursuant to 15 U.S.C. § 1681o.

## Equifax's Failure to Adopt and/or Follow Reasonable Procedures

130.    Plaintiff initiated a dispute with Equifax in January 2016 requesting that it correct and/or delete a specific item in his credit file that is patently inaccurate, misleading and highly damaging to him, namely, references to the extent and status of his debt to Statebridge and whether it was in foreclosure.

131.    Plaintiff specifically advised Equifax that a mistake had been made, and provided all necessary information to Equifax to support the same, and requested the trade line be corrected accordingly to reflect the correct balance, payments made and foreclosure status.

132.    Either Equifax conducted no investigation of Plaintiff's disputes, or such "investigations" were so deficient as to allow objectively false and highly damaging information to remain in Plaintiff's credit file.

133.    By failing to conduct a reasonable investigation into Plaintiff's disputes in this regard, Equifax willfully and/or negligently violated 15 U.S.C. § 1681i(a)(1) with respect to the dispute lodged by Plaintiff.

134.    As a direct and proximate result of Equifax's disregard of Plaintiff's dispute as outlined above, Plaintiff has suffered a significant loss of trust in the credit reporting system and its accountability to the average consumer.

135.    As a direct and proximate result of Equifax's willful and/or negligent refusal to conduct reasonable investigations as mandated by the FCRA as outlined above, Plaintiff has suffered loss and damage including, but not limited to: loss of opportunity to obtain credit and job opportunitites, damage to reputation, expenditure of considerable time and out-of-pocket expenses, worry, fear, distress, frustration and embarrassment, entitling him to an award of actual

21

damages in amounts to be proved at trial, plus attorneys' fees together with the costs of this action pursuant to 15 U.S.C. § 1681(o).

136.    Despite actual and implied knowledge that Plaintiff's debt to Statebridge was not being accurately reported, Equifax readily sold false reports to one or more third parties, thereby misrepresenting Plaintiff, and ultimately, Plaintiff's creditworthiness.

137.    On each such instance, Equifax willfully and/or negligently failed to follow reasonable procedures to assure maximum possible accuracy of the consumer reports it prepared and/or published pertaining to Plaintiff, in violation of 15 U.S.C. §1681e(b).

138.    Through Plaintiff's communications with Equifax, Equifax knew, or had sufficient reason to know, that when it prepares and sells a consumer report about Plaintiff, the information it is circulating is extremely inaccurate and damaging to Plaintiff.

139.    Nevertheless, Equifax has taken no measures to stop painting a false and damaging picture about Plaintiff.

140.    Plaintiff has been denied credit lines sufficient to conduct his life and business in the manner to which he was accustomed.

141.    Plaintiff has suffered out-of-pocket loss as a result of Equifax's willful and/or negligent violations of the FCRA. Plaintiff has been denied credit and job opportunities as a result of the negligence.

142.    Plaintiff has not been free to take advantage of various credit opportunities available to other consumers because of Equifax's failure to report only accurate information about him.

143.    Upon information and belief, Equifax has exhibited a pattern of refusing to correct consumer credit files despite being on notice of patently false information contained in

22

such files, ultimately valuing its own bottom line above its "grave responsibility" to report accurate data on consumers.

144. Upon information and belief, Equifax has been sued on multiple occasions over recent years for inaccurately reporting debts.

145. Equifax's pattern of refusal to correct patently false information as mandated by the FCRA reveals a conscious disregard of the rights of Plaintiff.

146. The injuries suffered by Plaintiff are attended by circumstances of fraud, malice, and/or willful and wanton misconduct, calling for statutory damages, an assessment of punitive damages against Defendant, plus attorneys' fees and costs pursuant to 15 U.S.C. § 1681(n).

147. As a direct and proximate result of Equifax's willful and/or negligent refusal to follow reasonable procedures to assure "maximum possible accuracy" as specifically mandated by the FCRA, Plaintiff has suffered loss and damage including, but not limited to: economic loss due to loss of opportunity to obtain credit and job opportunties, damage to reputation, expenditure of considerable time and out-of-pocket expenses, worry, fear, distress, frustration and embarrassment, entitling his to an award of actual damages in amounts to be proved at trial, plus attorneys' fees together with the costs of this action pursuant to 15 U.S.C. § 1681o.

**Statebridge's Failure to Conduct Reasonable Reinvestigations**

148. Furnishers of credit information have a duty under the FCRA to investigate disputes from consumers as to the accuracy of information reported about them, to wit: After receiving notice from a consumer reporting agency pursuant to section 611(a)(2) [§ 1681i] of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall:

(a) Conduct an investigation with respect to the disputed information;

23

(b) Review all relevant information provided by the consumer reporting agency pursuant to section 611(a)(2) [§ 1681i];

(c) Report the results of the investigation to the consumer reporting agency;

(d) If the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and

(e) If an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly –

    (i) modify that item of information;

    (ii) delete that item of information; or

    (iii) permanently block the reporting of that item of information.

*See* 15 U.S.C. § 1681s-2(b)(1).

149.    On or around January 2016, Plaintiff contacted Experian, Transunion and Equifax to dispute the accuracy of the information being reported about him and the Statebridge accounts.

150.    Upon information and belief, pursuant to 15 U.S.C. § 1681i(a)(2), Statebridge received notification of this dispute from Experian, Transunion and Equifax.

151.    Statebridge has repeatedly failed to properly investigate Plaintiff's dispute after receiving notification from a consumer reporting agency in violation of 15 U.S.C. § 1681s-2(b)(1).

24

152.    Notwithstanding Statebridge's actual knowledge that Plaintiff had been paying his mortgage payment as agreed, Statebridge's failure to conduct a reasonable investigation of the accuracy of its reporting of this adverse information shows a reckless disregard for Plaintiff's rights under the FCRA.

153.    In addition to the violation as described above, Statebridge failed to conduct a reasonable investigation into Plaintiff's claims thereby failing to satisfy its duty under 15 U.S.C. § 1681s-2(b) of updating incomplete or inaccurate information it had previously reported to CRAs upon receipt of each notice from Experian, TransUnion and Equifax that Plaintiff disputed the accuracy of the previously reported information.

154.    Statebridge's failure to report that Plaintiff disputed the accuracy of the trade line was a failure to accurately update the information because it was "misleading in such a way and to such an extent that it [could] be expected to have an adverse effect" on Plaintiff. *Gorman v. Wolpoff & Abramson, LLP, et al.*, 584 F.3d 1147 (9th Cir. 2009); *See also Saunders v. Branch Banking & Trust Co. of Va.*, 526 F.3d 142 (4th Cir. 2008).

155.    As a direct and proximate result of Statebridge's willful and/or negligent refusal to comply with the FCRA as outlined above, Plaintiff has suffered substantial loss and damage including, but not limited to: economic loss due to loss of opportunity to obtain credit and job opportunitites, damage to reputation, lost job opportunities, expenditure of considerable time and out-of-pocket expenses, worry, fear, distress, frustration and embarrassment, entitling him to an award of actual damages in amounts to be proved at trial, plus attorneys' fees together with the costs of this action pursuant to 15 U.S.C. § 1681o.

156.    Statebridge's indifference as to its obligations under the FCRA reveals a

25

conscious disregard of the rights of Plaintiff, and the injuries suffered by Plaintiff are attended by circumstances of fraud, malice, and willful and wanton misconduct, calling for an assessment of punitive damages against Statebridge, pursuant to 15 U.S.C. § 1681n(a)(2).

### SIXTH CLAIM FOR RELIEF
**[North Carolina Debt Collection Act]**
**(N.C. Gen. Stat. §75-50 *et seq.*)**
**Waterfall and Statebridge**

157.    Plaintiff herein incorporates by reference the foregoing paragraphs as though fully set forth herein.

158.    Statebridge, in repeatedly demanding that Plaintiff pay it money that was not owed and by threatening foreclosure action not permitted by law or contract has committed acts that are an unfair coercion or attempt to coerce in attempting to collect a debt in violation of N.C. Gen. Stat. § 75-51.

159.    Statebridge, in repeatedly telling Plaintiff he were going to be foreclosed on even though such action would not be permitted by law or contract, has attempted to collect a debt by threatening to take an action not permitted by law in violation of N.C. Gen. Stat. § 75-51(8).

160.    Statebridge, in proceeding with a wrongful foreclosure on the Plaintiff's property has collected or attempted to collect a debt by unconscionable means in violation of N.C. Gen. Stat. § 75-55.

161.    Statebridge, in proceeding with a wrongful foreclosure on the Plaintiff's property has collected or attempted to collect a debt by conduct the natural consequence of which is to oppress, harass or abuse a person in connection with the attempt to collect the debt in violation of N.C. Gen. Stat. § 75-52.

162.    Statebridge's condescending and rude conduct in conversations with Plaintiff after being told Plaintiff does not owe the debt being collected represents conduct the natural

26

consequence of which is to oppress, harass or abuse a person in connection with an attempt to collect a debt and violates N.C. Gen. Stat. § 75-52.

163.     Statebridge, in filing the foreclosure action and publishing it in attempting to collect Plaintiff's alleged debt have unreasonably publicized information regarding their debt in violation of N.C. Gen. Stat. §75-53.

164.     Statebridge, by collecting or attempting to collect from the Plaintiff all or any part of the debt collector's fee or charge for services rendered, collecting or attempting to collect any interest or other charge, fee or expense incidental to the principal debt (such as any amounts in a suspense account or any fees wrongfully charged to the escrow account like mortgage verification fees, force placed insurance premiums and inspection fees, force-placed insurance and taxes) when Defendant was not legally entitled to such fee or charge, has violated N.C. Gen. Stat. § 75-55 generally and §75-55(2) specifically.

165.     Statebridge's use of threats, coercion, harassment, unreasonable publication of the debt, deceptive representations and unconscionable means as described above constitute unfair and deceptive acts.

166.     Statebridge's actions described above have proximately caused humiliation, embarrassment, emotional and financial distress and other suffering to Plaintiff.

167.     As a result of Statebridge's violations of the North Carolina Debt Collection Act, the Plaintiff is entitled to actual damages and to statutory damages in an amount not less than $500.00 but no greater than $4,000.00 per violation pursuant to N.C. Gen. Stat. §75-56; and, reasonable attorney's fees and costs pursuant to N.C. Gen. Stat. §75-16.

168.     The above violations of the NCDCA constitute unfair or deceptive acts or practices proscribed in N.C. Gen. Stat. 75-1.1 and entitle the Plaintiff to punitive damages in

27

addition to any other damages suffered.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1.     Award Plaintiff actual damages, compensatory damages and punitive damages for breach of contract and conversion;

2.     Costs and reasonable attorney's fees pursuant to N.C. Gen. Stat. §75-16 and  §75-1.1;

3.     Award Plaintiff punitive damages if by law allowed;

4.     Award Plaintiff actual damages in an amount to be determined at trial, treble damages and attorney fees for violation of N.C. Gen. Stat. §75-1.1;

5.     Award Plaintiff actual damages in an amount to be determined at trial, $4000 in statutory damages per violation, and punitive damages pursuant to the violations of N.C. Gen. Stat. § 75-50, *et. seq.* alleged therein;

6.     Award Plaintiff actual damages in an amount to be determined at trial and statutory damages of $1,000.00 and reasonable attorney fees pursuant to the violations of the Fair Debt Collection Practices Act alleged therein;

7.     Award Plaintiff Actual or statutory damages pursuant to 15 U.S.C. §§1681n and 1681o, costs and reasonable attorney's fees pursuant to 15 U.S.C. §§1681n and 1681o, and punitive damages pursuant to 15 U.S.C. §§1681n;

8.     Award Plaintiff the costs of suit, any discretionary costs as may be allowable by law, pre-judgment and post-judgment interest from each and every Defendant;

9.     That he have a trial by jury on all issues so triable;

10.    Award Plaintiff treble damages if by law allowed; and

28

11.     For such other and further relief as the Court may deem just and proper.

This the _12_ day of August, 2016

By:

Travis E. Collum
NC Bar No. 29158
Attorney for Plaintiffs
Collum & Perry, PLLC
Post Office Box 1739
Mooresville, NC 28115
Telephone: 704-663-4187
Facsimile:  704-663-4178
travis@collumperry.com

Stacy L. Williams
NC Bar No. 36874
Attorney for Plaintiffs
*Of Counsel*
Collum & Perry, PLLC
Post Office Box 1739
Mooresville, NC 28115
Telephone: 704/ 663-4187
Facsimile:  704/ 663-4178
stacy@collumperry.com

29

# Iredell County - Tax Bill Search



Iredell County Home Page

| Basic Search | Real Estate Search | Tax Bill Search | Sales Search | |
|---|---|---|---|---|

Hide Details...

| | | | |
|---|---|---|---|
| Owner Last Name: | | Owner First Name: | Account #: |
| Parcel #: | MAP 4744 BLK 44 PIN 2400 CONDO CC LH | | |
| Tax Year: All Years ▾ | Bill #: | Unpaid Bills Only: Sort By: Oldest to Newest ▾ Search Clear | |

### Search Results

## click on a tax bill below to continue Hide Details...

| Year Bill# | Account# | Owner Name | Owner Name2 | Orig Levy | Balance | Disc Year | Property ID | Property Address | Message |
|---|---|---|---|---|---|---|---|---|---|
| 2001 081133 | 75091250 | WILLIAMS JOHN M | | 1,028.41 | 0.00 | | 4744442400.000 | 543 MARGARET RD | |
| 2002 085987 | 75091250 | WILLIAMS JOHN M | | 1,028.41 | 0.00 | | 0107A26000C034 4744442400.000 | 543 MARGARET RD | |
| 2003 087639 | 75091250 | WILLIAMS JOHN M | | 1,080.04 | 0.00 | | 0107A26000C034 4744442400.000 | 543 MARGARET RD | |
| 2004 088541 | 75091250 | WILLIAMS JOHN M | | 1,080.04 | 0.00 | | 0107A26000C034 4744442400.000 | 543 MARGARET RD | |
| 2005 090336 | 75091250 | WILLIAMS JOHN M | | 1,080.04 | 0.00 | | 0107A26000C034 4744442400.000 | 543 MARGARET RD | |
| 2006 092691 | 75091250 | WILLIAMS JOHN M | | 1,118.83 | 0.00 | | 0107A26000C034 4744442400.000 | 543 MARGARET RD | |
| 2007 097867 | 75091250 | WILLIAMS JOHN M | | 1,185.55 | 0.00 | | 4744442400.000 0107A26000C034 | 543 MARGARET RD | |
| 2008 099544 | 75091250 | WILLIAMS JOHN M | | 1,191.05 | 0.00 | | 4744442400.000 | 543 MARGARET RD | |
| 2009 101442 | 75091250 | WILLIAMS JOHN M | | 1,191.05 | 0.00 | | 4744442400.000 0107A26000C034 | 543 MARGARET DR | |
| 2010 102060 | 75091250 | WILLIAMS JOHN M | | 1,191.05 | 0.00 | | 0107A26000C034 4744442400.000 | 543 MARGARET DR | |
| 2011 102560 | 75091250 | WILLIAMS JOHN M | | 1,074.17 | 0.00 | | 4744442400.000 | 543 MARGARET DR | |
| 2012 104016 | 75091250 | WILLIAMS JOHN M | | 1,109.62 | 0.00 | 0 | 4744442400.000 0107A26000C034 | 543 MARGARET DR | |
| 2013 104607 | 75091250 | WILLIAMS JOHN M | | 1,109.62 | 0.00 | 0 | 4744442400.000 0107A26000C034 | 543 MARGARET DR | |
| 2014 10737E | 75091250 | WILLIAMS JOHN M | | 1,109.62 | 0.00 | 0 | 4744442400.000 0107A26000C034 | 543 MARGARET DR | |
| 2015 107900 | 75091250 | WILLIAMS JOHN M | | 1,046.32 | 0.00 | 0 | 4744442400.000 0107A26000C034 | 543 MARGARET DR | |

Selected Tax Bill Info     View Appraisal Card

| | | | |
|---|---|---|---|
| Account#: 75091250 WILLIAMS JOHN M 543 MARGARET RD STATESVILLE NC 28677-0000 543 MARGARET DR | Bill#: 107900 Parcel#: 4744442400.000 Pin#: 0107A26000C034 Escrow: Status: Legal Description: L161-162 COUNTRY CLUB ES T PB 3-46 1.000LT | Last Trans Date: 12/28/2015 Last Payment : 12/28/2015 | Building Value: 88,610 Current Balance: 0.00 Outbuilding Value: 2,500 Original Levy: 1,046.32 Land Value: 14,950 Personal Value: Parcel Value Total: 106,060 Total Valuation: 106,060 Deferred Value: 0 Exemption: 0 Taxable Value: 106,060 |

## Taxes and Fees Billed By County

| Description | Levied | Interest/Fees | Released | Collected | Balance |
|---|---|---|---|---|---|
| SOLID WASTE | 52.00 | 0.00 | 0.00 | 52.00 | |
| STATESVILLE | 434.85 | 0.00 | 0.00 | 434.85 | 0.00 |
| COUNTY | 559.47 | 0.00 | 0.00 | 559.47 | 0.00 |
| Totals | 1,046.32 | 0.00 | 0.00 | 1,046.32 | 0.00 |

................. REMIT PAYMENTS TO: Iredell County Tax Collector, PO Box 1027, Statesville, NC 28687-1027 ...................

Iredell County shall not be held liable for any errors in the data represented on this record. The data cannot be construed to be a legal document. Information contained herein was created for Iredell County's internal use. Iredell County, its employees and agents make no warranty as to the correctness or accuracy of the information set forth on this site. While every effort has been made to ensure the accuracy of this information, Tax Collections does not certify the accuracy of the information presented. Any person using this website assumes the risk of any omissions or inaccuracies contained herein. Iredell County, Tax Collections, and any officers, contractors, agents, and/or employees shall not be liable or otherwise legally responsible for any actions taken or omissions made as a consequence of any user's reliance upon information contained in or omitted from this website in any manner whatsoever. Use of this site is an acknowledgement of the disclaimer. If you have any questions about the data displayed on this website please contact the Iredell County Tax Collector's Office at 704-878-3020.


**TRAVELERS**

Customer Care Center
PO Box 59059
Knoxville, TN 37950-9059

001782

Phone: 1-8( TravServ (1-877-872-8737)
Fax:    1-877-872-5334

May 26, 2015

JOHN M & SHARON S WILLIAMS
███ MARGARET DR
STATESVILLE NC 28677-6042

EXHIBIT B

RE: Policy Number: ████████633 1
The Automobile Insurance Company of Hartford, CT

Agent Code:  0CFK78
Agent Name:  BB&T INSURANCE SERVICES

Dear Policyholder:

The policy for John and Sharon Williams has had continous insurance since 10/1/1998 to present. No lapse in coverage

Please call us toll free at 1-877-TravServ (1-877-872-8737) with any questions.  One of our representatives will be happy to assist you.

Thank you for doing business with Travelers.

Best regards,
Travelers Business Center
1-877-TravServ (1-877-872-8737)

PL-11339 08-14  akb

EXHIBIT C



# STATEBRIDGE™

5680 Greenwood Plaza Blvd
Suite 100 S
Greenwood Village, CO 80111

## Mortgage Statement
Statement Date: 6/17/2016

| | |
|---|---|
| **Account Number** | ■■■1413 |
| **Payment Due Date** | 6/29/2016 |
| **Amount Due** | $26,781.63 |

*If payment is received after 7/14/16, $0.00 late fee will be charged.*

00002

**JOHN M WILLIAMS**
■■ MARGARET RD
**STATESVILLE NC  28677**

Property Address:
■■ MARGARET DR
STATESVILLE NC  28677-6042

ustomer Service: (866) 466-3360
ifo@statebridgecompany.com

## Account Information

| | |
|---|---|
| Outstanding Principal | $105,748.42 |
| Interest Rate | 6.60% |
| Prepayment Penalty | No |
| Last Paid Installment | 3/29/2015 |

## Explanation of Amount Due

| | |
|---|---|
| Principal | $261.59 |
| Interest | $562.28 |
| Escrow (Taxes and Insurance) | $959.78 |
| Regular Monthly Payment | $1,783.65 |
| Total Fees and Charges | $0.00 |
| Overdue Payment | $24,997.98 |
| **Total Amount Due** | **$26,781.63** |

## Past Payments Breakdown

| | Paid Last Month | Paid Year to Date |
|---|---|---|
| Principal | $0.00 | $0.00 |
| Interest | $0.00 | $0.00 |
| Escrow (Taxes and Insurance) | $0.00 | $0.00 |
| Fees | $0.00 | $0.00 |
| Partial Payment (Unapplied)* | $0.00 | $877.77 |
| **Total** | **$0.00** | **$877.77** |

## Important Messages

*Partial Payments: Any partial payments that you make are not applied to your mortgage, but instead are held in a separate suspense account. If you pay the balance of a partial payment, the funds will then be applied to your mortgage.

## Transaction Activity (5/17/2016 to 6/16/2016)

| Date | Description | Charges | Payments |
|---|---|---|---|
| | | | |

## Additional Information

| Date | Description | Amount |
|---|---|---|
| 6/16/2016 | Escrow Balance | $959.78 |

---

Detach Here

JOHN M WILLIAMS
Property Address:



## Delinquency Notice

**You are late on your mortgage payments.** Failure to bring your loan current may result in fees and foreclosure – the loss of your home. As of June 16, 2016, you are 415 days delinquent on your mortgage loan.

*Recent Account History*
- Payment due 12/29/15: Unpaid balance of $16,079.73
- Payment due 1/29/16: Unpaid balance of $1,783.65
- Payment due 2/29/16: Unpaid balance of $1,783.65
- Payment due 3/29/16: Unpaid balance of $1,783.65
- Payment due 4/29/16: Unpaid balance of $1,783.65
- Payment due 5/29/16: Unpaid balance of $1,783.65
- Current payment due 6/29/16: $1,783.65
- **Total: $26,781.63 due. You must pay this amount to bring your loan current.**

**Housing Counselor Information:** If you would like counseling or assistance, you can contact the following:
- U.S. Department of Housing and Urban Development (HUD): For a list of homeownership counselors or counseling organizations in your area, go to http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm or call (800) 569–4287

We are a debt collector and may be attempting to collect a debt. Any information obtained may be used for that purpose. If you are in active bankruptcy or have received a bankruptcy discharge, this statement is for informational purposes only, and is not a demand for payment.

NMLS ID: **132893**   NC License #: **112025**

# STATE OF NORTH CAROLINA

IREDELL        County

FILED

2016 AUG 12 P 3: 30

IREDELL CO. C.S.C.
BY _____

| | |
|---|---|
| **File No.** 16 CVS |

In The General Court of Justice
☐ District   ☒ Superior Court Division

**Name of Plaintiff 1**
JOHN MICHAEL WILLIAMS
*Tax ID/SSN*

**Name of Plaintiff 2**
*Tax ID/SSN*

**Name of Plaintiff 3**
*Tax ID/SSN*

## GENERAL
## CIVIL ACTION COVER SHEET
☒ INITIAL FILING    ☐ SUBSEQUENT FILING

Rule 5(b), Rules of Practice for Superior and District Courts

**VERSUS**

*Name And Address of Attorney, or Party, If Not Represented (complete for initial appearance or change of address)*
TRAVIS E. COLLUM
109 WEST STATESVILLE AVENUE
MOORESVILLE, NC 28115

**Name of Defendant 1**
WATERFALL ASSET MANAGEMENT, LLC
*Tax ID/SSN* | Summons Submitted ☒ Yes ☐ No

*Attorney Bar No.*
29158

☒ Initial Appearance in Case    ☐ Change of Address

**Name of Defendant 2**
STATEBRIDGE COMPANY, LLC
*Tax ID/SSN* | Summons Submitted ☒ Yes ☐ No

*Name of Firm*
COLLUM & PERRY, PLLC

| *Tax ID No.* 45-3179620 | *Telephone No.* 704-663-4187 | *FAX No.* 704-663-4178 |

**Name of Defendant 3**
EXPERIAN INFORMATION SOLUTIONS, INC.
*Tax ID/SSN* | Summons Submitted ☒ Yes ☐ No

*Counsel for*
☒ All Plaintiffs   ☐ All Defendants   ☐ Only *(List party(ies) represented)*

☒ Jury Demanded in Pleading
☐ Complex Litigation

☐ Amount in controversy does not exceed $15,000
☐ Stipulate to arbitration

### TYPE OF PLEADING

*(check all that apply)*
- ☐ Amended Answer/Reply (AMND-Response)
- ☐ Amended Complaint (AMND)
- ☐ Answer/Reply (ANSW-Response)
- ☒ Complaint (COMP)
- ☐ Confession of Judgment (CNFJ)
- ☐ Counterclaim vs. (CTCL)
  - ☐ All Plaintiff(s) ☐ Only *(List on back)*
- ☐ Crossclaim vs. *(List on back)* (CRSS)
- ☐ Extend Statute of Limitations, Rule 9 (ESOL)
- ☐ Extend Time for Answer (MEOT-Response)
- ☐ Extend Time For Complaint (EXCO)
- ☐ Rule 12 Motion in Lieu Of Answer (MDLA)
- ☐ Third Party Complaint *(List Third Party Defendants on Back)* (TPCL)
- ☐ Other *(specify)*

### CLAIM FOR RELIEF FOR:

- ☐ Administrative Appeal (ADMA)
- ☐ Appointment of Receiver (APRC)
- ☐ Attachment/Garnishment (ATTC)
- ☐ Claim and Delivery (CLMD)
- ☐ Collection on Account (ACCT)
- ☐ Condemnation (CNDM)
- ☒ Contract (CNTR)
- ☐ Discovery Scheduling Order (DSCH)
- ☐ Injunction (INJU)
- ☐ Medical Malpractice (MDML)
- ☐ Minor Settlement (MSTL)
- ☐ Money Owed (MNYO)
- ☐ Negligence – Motor Vehicle (MVNG)
- ☐ Negligence – Other (NEGO)
- ☐ Motor Vehicle Lien G.S. 44A (MVLN)
- ☐ Limited Driving Privilege – *Out-of-State Convictions* (PLDP)
- ☐ Possession of Personal Property (POPP)
- ☐ Product Liability (PROD)
- ☐ Real Property (RLPR)
- ☐ Specific Performance (SPPR)
- ☒ Other: *(specify)* UNFAIR DEBT COLLECTION

**NOTE:** *Small claims are exempt from cover sheets.*

*Date*
AUGUST 12, 2016

*Signature of Attorney/Party*

**NOTE:** *The initial filing in civil actions shall include as the first page of the filing a cover sheet summarizing the critical elements of the filing in a format prescribed by the Administrative Office of the Courts, and the Clerk of Superior Court shall require a party to refile a filing which does not include the required cover sheet. For subsequent filings in civil actions, the filing party must either include a cover sheet or the filing must comply with G.S. 7A-34.1.*

AOC-CV-751, Rev. 10/01 © 2001 Administrative Office of the Courts      (Over)

# STATE OF NORTH CAROLINA

_____IREDELL_____ County

16CV 01945

| | |
|---|---|
| ▶ File No. | |
| | 16 CVS |

In The General Court of Justice
☐ District  ☒ Superior Court Division

*Name of Plaintiff*
JOHN MICHAEL WILLIAMS

*Address*
109 WEST STATESVILLE AVENUE

*City, State, Zip*
MOORESVILLE, NC 28115

## VERSUS

*Name of Defendant(s)*
WATERFALL ASSET MANAGEMENT, LLC, STATEBRIDGE
COMPANY, LLC, EXPERIAN INFORMATION SOLUTIONS,
INC. AND EQUIFAX INFORMATION SERVICES, LLC

## CIVIL SUMMONS

☐ **Alias and Pluries Summons**

G.S. 1A-1, Rules 3, 4

*Date Original Summons Issued*

*Date(s) Subsequent Summon(es) Issued*

### To Each of The Defendant(s) Named Below:

| *Name And Address of Defendant 1* | *Name And Address of Defendant 2* |
|---|---|
| EXPERIAN INFORMATION SOLUTIONS, INC | EQUIFAX INFORMATION SERVICES, LLC |
| C/O CT CORPORATION SYSTEM, REGISTERED AGENT | C/O CORPORATION SERVICE COMPANY, REGISTERED AGENT |
| 150 FAYETTEVILLE STREET, BOX 1011 | 327 HILLSBOROUGH STREET |
| RALEIGH, NC 27601-2957 | RALEIGH, NC 27603-1725 |

### A Civil Action Has Been Commenced Against You!

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| *Name And Address of Plaintiff's Attorney (If None, Address of Plaintiff)* | *Date Issued* | *Time* | |
|---|---|---|---|
| TRAVIS E. COLLUM | 8-12-16 | 3:31 | ☐ AM  ☒ PM |
| COLLUM & PERRY, PLLC | *Signature* | | |
| POST OFFICE BOX 1739 | *Taylor M. Burnett* | | |
| MOORESVILLE, NC 28115 | ☒ Deputy CSC  ☐ Assistant CSC  ☐ Clerk of Superior Court | | |

| ☐ **ENDORSEMENT** | *Date of Endorsement* | *Time* | |
|---|---|---|---|
| This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | | | ☐ AM  ☐ PM |
| | *Signature* | | |
| | ☐ Deputy CSC  ☐ Assistant CSC  ☐ Clerk of Superior Court | | |

**NOTE TO PARTIES:**   *Many Counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $15,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration and, if so, what procedure is to be followed.*

AOC-CV-100, Rev. 10/01

File No. **16CV 01948**

LEAD DOCUMENT FOR
SCANNING

AUDIT TRAIL

| Date Filmed | Description | Film No. |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

AOC-G-113  Rev. 2/14
© 2014 Administrative Office of the Courts

IREDELL COUNTY CLERK OF SUPERIOR COURT CIVIL FILING FEES:

File Number **16CV 01948** _____

Plaintiff (Payor) Williams, John, Michael

Defendant Waterfall Asset Mgmt LLC

## FLAG "Y"

| | |
|---|---|
| CVSC (Superior) | ($200) |
| CVDC (District) | $150 |
| CVAC (Appeal CVM to District) | $146 |
| CVMC (Small Claims) | $96 (x_____) $_____ |
| Iredell Co Sheriff - 22515 | $30 (x_____) $_____ |
| "M" (LIENS, IRS, NC TAX REV) - 21435 ($6+) | $_____ |
| Conf. Of Judgment - 21400 | $25 |
| Limited Driving Priv. - 24335 | $100 (+$150 CVDC District) |
| Notice of Hearing on Motion - 21450 | $20 |

## FLAG "N"

| | | Facility Fees: | |
|---|---|---|---|
| CDDC District (Divorce) | $225 | | |
| CVDC District (Cust/Qdro/Anul) | $150 | District - 22220 | $16 |
| Resume Maiden Name - 21400 | $10 | Superior - 22120 | $16 |
| VSA/Paternity - 21400 | $6 | | |
| Registrations ($6+) - 21400 | $_____ | | |
| Lis Pendens ($6+) - 21400 | $_____ | | |
| Copies - 21410 | $_____ | | |

TOTAL $ 200.—    * No Personal Checks*

DATE 8·12·16

CLERK _____

Revised 1/13/16

IREDELL COUNTY CLERK OF COURT
08/12/16 11:29
M28713

PAYOR: WILLIAMS,JOHN,MICHAEL
PAYEE: FO BY COLLUM & PERRY
CASE#: 16CV0501948 VCAP#:Y
CITAH:

21120 SC-CIVIL FEES      177.55
21121 SC-CV LAW FEES       2.45
24681 JUD TECH & FAC       4.00
22120 CO FAC FEE S CV     16.00

TOTAL PAID               200.00
CO TENDERED              200.00
CHANGE                      .00

4624 ID CAMPUS