**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**STATESVILLE DIVISION**
**CIVIL ACTION NO. 5:16-CV-163-RLV-DCK**

| | |
|---|---|
| JOHN MICHAEL WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **STIPULATED** |
| ) | **PROTECTIVE ORDER** |
| WATERFALL ASSET MANAGEMENT, ) | |
| LLC; STATEBRIDGE COMPANY, LLC; ) | |
| EXPERIAN INFORMATION SOLUTIONS, ) | |
| INC.; and EQUIFAX INFORMATION ) | |
| SERVICES, LLC, ) | |
| ) | |
| Defendants. ) | |

Plaintiff John Michael Williams and Defendants Waterfall Asset Management, LLC, Statebridge Company, LLC, Experian Information Solutions, Inc., and Equifax Information Services, LLC, through their respective attorneys of record, have agreed, and the Court orders, as follows:

WHEREAS, documents and information have been and may be sought, produced or exhibited by and among the parties to this action relating to trade secrets, confidential research, development, technology or other proprietary information belonging to Defendants, and/or personal income, credit and other confidential information of Plaintiff.

THEREFORE, an Order of this Court protecting such confidential information shall be and hereby is made by this Court on the following terms:

1. This Order shall govern the use, handling and disclosure of all documents, testimony or information produced or given in this action which are designated to be subject to this Order in accordance with the terms hereof.

2. Any party or non-party producing or filing documents or other materials in this action may designate such materials and the information contained therein subject to

this Order by typing or stamping on the front of the document, or on the portion(s) of the document for which confidential treatment is designated, "Confidential."

3. If a party or non-party producing documents in this action (a "Producing Party") believes in good faith that, despite the provisions of this Protective Order, there is a substantial risk of identifiable harm to the Producing Party if particular documents it designates as "Confidential" are disclosed to all other parties or non-parties to this action, the Producing Party may designate those particular documents as "Confidential—Attorneys' Eyes Only."

4. To the extent any motions, briefs, pleadings, deposition transcripts, or other papers to be filed with the Court incorporate documents or information subject to this Order, the party filing such papers shall designate such materials, or portions thereof, as "Confidential," or "Confidential—Attorneys' Eyes Only," and shall file them with the clerk under seal; provided, however, that a copy of such filing having the confidential information redacted therefrom may be made part of the public record. Any party filing any document under seal must comply with the requirements of Local Civil Rule 6.1.

5. All documents, transcripts, or other materials subject to this Order, and all information derived therefrom (including, but not limited to, all testimony given in a deposition, declaration or otherwise, that refers, reflects or otherwise discusses any information designated "Confidential" or "Confidential—Attorneys' Eyes Only" hereunder), shall not be used, directly or indirectly, by any person, including the other defendants, for any business, commercial or competitive purposes or for any purpose whatsoever other than solely for the preparation and trial of this action in accordance with the provisions of this Order.

6. Except with the prior written consent of the individual or entity designating a document or portions of a document as "Confidential," or pursuant to prior Order after notice, any document, transcript or pleading given "Confidential" treatment under this Order, and any information contained in, or derived from any such materials (including but

not limited to, all deposition testimony that refers to, reflects or otherwise discusses any information designated "Confidential" hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than: (a) the Court and its officers; (b) parties to this litigation; (c) counsel for the parties, whether retained outside counsel or in-house counsel and employees of counsel assigned to assist such counsel in the preparation of this litigation; (d) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation; (e) fact witnesses subject to a proffer to the Court or a stipulation of the parties that such witnesses need to know such information; (f) present or former employees of the Producing Party in connection with their depositions in this action (provided that no former employees shall be shown documents prepared after the date of his or her departure); and (g) experts specifically retained as consultants or expert witnesses in connection with this litigation.

7. Except with the prior written consent of the individual or entity designating a document or portions of a document as "Confidential—Attorneys' Eyes Only", or pursuant to prior Order after notice, any document, transcript or pleading given "Confidential—Attorneys Eyes Only" treatment under this Order, and any information contained in, or derived from any such materials (including but not limited to, all deposition testimony that refers to, reflects or otherwise discusses any information designated "Confidential—Attorneys Eyes Only" hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than: (a) the Court and its officers; (b) a party's retained outside counsel of record in this action, as well as employees of said outside counsel to whom it is reasonably necessary to disclose the information for this litigation; (c) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation; (d) the author of the document or the original source of the information; and (e) experts specifically retained as consultants or expert witnesses in connection with this litigation.

8. Documents produced pursuant to this Order shall not be made available to

any person designated in Subparagraph 6(e)-(g) or 7(e) unless such person has first read this Order, agreed to be bound by its terms, and signed the Declaration of Compliance attached hereto as Exhibit A.

9. All persons receiving any or all documents produced pursuant to this Order shall be advised of their confidential nature. All persons to whom confidential information and/or documents are disclosed are hereby enjoined from disclosing same to any person except as provided herein, and are further enjoined from using same except in the preparation for and trial of the above-captioned action between the named parties thereto. No person receiving or reviewing such confidential documents, information or transcript shall disseminate or disclose them to any person other than those described above in Paragraph 6 and Paragraph 7 and for the purposes specified, and in no event shall such person make any other use of such document or transcript.

10. Nothing in this Order shall prevent a party from using at trial any information or materials designated "Confidential" or "Confidential—Attorneys' Eyes Only."

11. This Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action. Neither the entry of this Order, nor the designation of any information, document, or the like as "Confidential," or "Confidential—Attorneys' Eyes Only" nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

12. Within sixty (60) days after the final termination of this litigation, all documents, transcripts, or other materials afforded confidential treatment pursuant to this Order, including any extracts, summaries or compilations taken therefrom, but excluding any materials which in the good faith judgment of counsel are work product materials, shall be returned to the Producing Party.

13. In the event that any party to this litigation disagrees at any point in these proceedings with any designation made under this Protective Order, the parties shall first try to resolve such dispute in good faith on an informal basis in accordance with Local

Civil Rule 7.1(b). If the dispute cannot be resolved, the party objecting to the designation may seek appropriate relief from this Court. In seeking intervention by the Court, the party objecting to the designation shall bear the initial burden of demonstrating that the information is not entitled to protection under this Order or other applicable law. During the pendency of any challenge to the designation of a document or information, the designated document or information shall continue to be treated as "Confidential" or "Confidential—Attorneys' Eyes Only" subject to the provisions of this Protective Order.

14. The Producing Party's inadvertent production of any documents, transcripts, or other materials without confidential treatment shall not be deemed a waiver of the Producing Party's claim of confidentiality as to that material. If the Producing Party wishes to afford confidentiality treatment to any material after production, the Producing Party shall notify the receiving party that the material is designated as "Confidential" or "Confidential—Attorneys' Eyes Only." If the receiving party disagrees with the designation, the receiving party may follow the dispute resolution procedures in paragraph 13 above.

15. Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of documents, transcripts and materials afforded confidential treatment pursuant to this Order.

16. The Court retains the right to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice.

IT IS SO ORDERED.

Signed: November 7, 2016

_____
David C. Keesler
United States Magistrate Judge

Dated: October 10, 2016                      Respectfully submitted,

s/ Stacy Williams
Stacy L. Williams
N.C. State Bar No. 29158
Collum & Perry, PLLC
109 W. Statesville Avenue
Mooresville, NC 28115
Telephone: (704) 663-4187
Facsimile: (704) 663-4178
Email: stacy@collumperry.com

*Attorney for Plaintiff*
*John Michael Williams*

s/ Nora F. Sullivan
Nora F. Sullivan
N.C. State Bar No. 43284
ELLIS & WINTERS LLP
P.O. Box 33550
Raleigh, NC 27636
Telephone:  (919) 865-7000
Facsimile:   (919) 865-7010
Email: nora.sullivan@elliswinters.com

*Attorney for Experian Information*
*Solutions, Inc.*

s/ Wendy A. Owens
Wendy A. Owens
N.C. State Bar No. 26110
Stern & Eisenberg Southern, P.C.
5710 Ogeechee Road #200-288
Savannah, GA 31405
Telephone: (912) 239-9888
Facsimile: (912) 805-9025
Email: wowens@coastalempirelaw.com

*Attorney for Defendants Waterfall Asset*
*Management, LLC, and Statebridge*
*Company, LLC*

s/ Chelsea Corey
Chelsea Corey
N.C. State Bar No. 48838
King & Spalding
100 N. Tryon Street. Suite 3900
Charlotte, NC 28203
Telephone: (704) 503-2575
Facsimile: (704) 503-2622
Email: ccorey@kslaw.com

*Attorney for Equifax Information Services,*
*LLC*

# EXHIBIT A

## DECLARATION OF COMPLIANCE

I, _____, declare as follows:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

4  I have received a copy of the Stipulated Protective Order entered in this action on _____, 20___.

5. I have carefully read and understand the provisions of this Stipulated Protective Order.

6. I will comply with all provisions of this Stipulated Protective Order.

7. I will hold in confidence, and will not disclose to anyone not qualified under the Stipulated Protective Order, any information, documents or other materials produced subject to this Stipulated Protective Order.

8. I will use such information, documents or other materials produced subject to this Stipulated Protective Order only for purposes of this present action.

9. Upon termination of this action, or upon request, I will return and deliver all information, documents or other materials produced subject to this Stipulated Protective Order, and all documents or things which I have prepared relating to the information, documents or other materials that are subject to the Stipulated Protective Order, to my counsel in this action, or to counsel for the party by whom I am employed or retained or from whom I received the documents.

10. I hereby submit to the jurisdiction of this Court for the purposes of enforcing the Stipulated Protective Order in this action.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this ____ day of _____, 2016 at _____.

_____
QUALIFIED PERSON